# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

v.                                                                  Criminal Case No: 2:14-cr-19

**LENNOX BUCKLEY,**
        **Defendant.**

## OPINION/ ORDER REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Lennox Buckley, in person and by counsel, Deirdre Purdy, appeared before me on April 8, 2014. The Government appeared by Andrew Coger, its Assistant United States Attorney. The Court determined that Defendant would enter a plea of "Guilty" to a one-count Information.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. The Court inquired whether this was the only offer made to Defendant, to which counsel for Defendant responded that a prior plea agreement had been offered to Defendant as to the Indictment filed against him in Criminal No. 2:13-cr-49. Counsel for Defendant indicated that the instant plea agreement was more favorable to Defendant than the one previously offered. The Court inquired whether counsel for Defendant had discussed both agreements with Defendant, and counsel responded that he had. Counsel for the Government also represented that the Government and Defendant had agreed that the Government would not oppose Defendant's filing of objections to the Report and Recommendation/Opinion regarding his motion to suppress filed in Criminal No. 2:13-cr-49. Defendant stated that the agreement as summarized by and augmented by the representation provided by counsel for the Government was correct and complied with his understanding of the agreement. The Court

**ORDERED** the written Plea Agreement filed and found the requirements of Missouri v. Frye, 132 S. Ct. 1399 (2012), to be satisfied.

The Court first inquired whether Defendant was a citizen of the United States. Defendant responded that he was not a citizen of the United States. The Court then inquired whether Defendant understood that by pleading guilty to a felony charge, he would be subject to deportation at the conclusion of any sentence, that he would be denied future entry into the United States, and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear and accept the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Lennox Buckley, after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's

knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. Defendant and his counsel then verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. The undersigned Magistrate Judge then received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned then reviewed with Defendant the Information, including the elements the United States would have to prove at trial, charging him with distribution of more than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; a fine of not more than $1,000,000.00, or both imprisonment and a fine; and a term of supervised release of at least three (3) years. Defendant also understood the Court would impose a special assessment of $100.00 for the felony conviction payable before the date of sentencing and understood that the Court may require him to pay the costs of his incarceration and supervised release.

The Court then inquired of Defendant regarding his understanding of his waiver of appellate rights as contained in the written plea agreement, as follows:

Ct. Did you discuss with Ms. Purdy and did you understand from that discussion that you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals under 18 U.S.C. § 3742?

| Def. | Yes, sir. |
|---|---|
| Ct. | Did you and Ms. Purdy discuss that you also may collaterally attack or challenge your sentence and how that sentence is being carried out by filing a motion, commonly called a habeas corpus motion, under 28 U.S.C. § 2255? |
| Def. | Yes, sir. |
| Ct. | Did you understand that under paragraph 15 of your written plea agreement, you waive–that means give up–your right to appeal to the Fourth Circuit and you give up your right to collaterally attack any sentence–any actual sentence–that is within the advisory Sentencing Guidelines range corresponding to a base offense level of 26 or lower? |
| Def. | Yes, sir. |
| Ct. | You only keep those rights at an actual sentence corresponding to a base offense level under the Guidelines of 27 or higher, is that right? |
| Def. | Yes, sir. |
| Ct. | You intended to conditionally give up those rights as set forth in paragraph 15 of your written plea agreement? |
| Def. | Yes, sir. |
| Ct. | And you fully understood it then when you signed the agreement? |
| Def. | Yes, sir. |
| Ct. | Nothing has changed since you signed it and today? |
| Def. | No, sir. |

Upon consideration of all which, the Court finds Defendant understood his appellate rights and knowingly and voluntarily waived those rights pursuant to the condition in the plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written

plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the Information and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood her attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant also waived any interest in a 2002 Lexus ES 300, with West Virginia temporary plate #564538 and VIN JTHBF30G925033881; $4,000.00 in United States currency seized from co-defendant Beth Ann Brown's residence on November 15, 2012; and $3,011.00 in United States currency seized from Room 407 of the Microtel Hotel in Westover, West Virginia on February 11, 2012, contingent upon the result of Defendant's motion to suppress in Criminal No. 2:13-cr-49, if applicable to forfeiture. He admitted that this property constituted proceeds of his offense and consented to its forfeiture.

Defendant, Lennox Buckley, with the consent of his counsel, Deirdre Purdy, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the Information.

The Court then heard the testimony of United States Postal Inspector Charles Gerhart, who is based in Clarksburg, West Virginia. In September 2009, a package was referred to Inspector Gerhart. He obtained a federal search warrant for the package, and, upon opening the package, learned that the package contained 13 pounds of marijuana. A controlled delivery of the package was made to Jodi Burkhart in Fairmont, West Virginia. Subsequently, Inspector Gerhart and other officers identified Defendant as the

individual who had arranged delivery of the package and who was the intended recipient of the package. Inspector Gerhart and other officers learned through interviews with Defendant's co-conspirators and associates that between July 2010 and November 2012, Defendant was responsible for arranging the shipment of packages of marijuana to locations throughout North Central West Virginia, including Morgantown, Fairmont, Buckhannon, and French Creek. These locations are all located within the Northern District of West Virginia. Defendant would pick up these packages and then distribute the marijuana. In February 2012, officers executed a search warrant at Defendant's residence on Celia Street in Fairmont. During the search, they located clear plastic wrap and clear totes containing marijuana residue. This packaging was consistent with information gleaned from interviews with Defendant's co-conspirators regarding his packaging of the marijuana and with the packaging of the initial package searched in 2009. The amount of marijuana distributed by Defendant between July 2010 and November 2012 exceeded 50 kilograms.

Defendant stated he heard, understood, and agreed with the testimony of Inspector Gerhart. From said testimony, the undersigned Magistrate Judge concludes the offense charged in the Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood his right to have his charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to the Information; and Defendant's plea is independently supported by the testimony of Inspector Gerhart, which

provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the Information and recommends he be adjudged guilty on said charge as contained in the Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: April 9, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE